FIFFD, J.
As to the prisoner’s motion to grant him a new trial, upon the exceptions taken to the juror after the verdict was rendered, I concur in opinion with the judge of the Circuit court.
*But I regard the indictment as fatally defective, in not stating that the offence was committed in the day time of some day. The law makes it felony to burn a dwelling house by night, punishable by death. This is one offence. The law also makes it felony punishable by confinement in the penitentiary to burn a dwelling house by day. These are not common law offences. They are statutory offences, separate and distinct, and having no connection with each other. They are not grades of the same offence—one a lower grade, and the other a higher grade, as would be in the case of homicide, which might be involuntary manslaughter, voluntary manslaughter, murder in the second or murder in the first degree. The doctrine of arson at common law seems to have been abolished by the new Criminal Code of 1847-8, and the burning of a dwelling house in the day is made felony, punishable by confinement in the penitentiary. The jury finds the prisoner guilty of arson in the day; and it is contended that this finding of the jury cures the supposed defect in the indictment. It is a rule well established in criminal pros- *323 editions, that the indictment must set forth all the material circumstances of the offence. Hence, in an indictment for burglary, it must be alleged that the fact was committed in the night time of some day. No indictment would be sustained which omitted this averment. It would be a defect that could not be cured by a verdict. Suppose that the law made it felony to burn a dwelling house in the day time only, and said nothing about the burning of a dwelling house at night. Everybody, I presume, will admit that in framing an indictment upon the statute, it would be necessary to aver that the offence was committed in the day time of some day, specified in the indictment. The word day in an indictment, means the whole 24 hours, of which for one half of the year there is more night than day. Hence the necessity in an indictment for burglary, *to aver that the offence was committed in the night time of some certain day; and equally necessary is it to aver in an indictment for burning a dwelling house under our statute, that the fact was committed in the day time of some day. And why is it so? The reason is plain; because the time is a material circumstance of the offence. Now let us suppose that another law is passed, making it felony punishable with death to burn a dwelling house in the night, would time then become a less material circumstance than it was before the passage of the last law. I should presume not. If time is a material circumstance of the offence, it will be so in all cases, and the pleadings must be made to conform to it.
The verdict of the jury upon an indictment for felony should be certain, and should respond to the indictment. The prisoner was indicted for burning a dwelling house. The jury found him guilty of arson committed in the day time. Now what is arson? Arson is the burning of a dwelling house feloniously. The term dwelling house embraces the dwelling house proper, kitchen, meat house, dairy, offices, barn and stables, and all other out buildings within the curtilage of the dwelling house. The finding of the jury may be construed to apply to this offence, and may have been rendered upon proof of the prisoner’s burning a barn, stable, or some other out building falling within the common law definition of arson; when no out house, is to be regarded as the dwelling house, unless it be under the same roof with the dwelling house proper.
Upon the whole, I am of opinion that the judgment should be arrested, and for that purpose would award the writ of error.
Judges Homax and Heigh concurred in the opinion of Judge Thompson.
Writ of error denied.